## United States Casualty Company, Plaintiff in Error, v. Crown Novelty Company, Defendant in Error.

### Gen. No. 20,595.

1. CONTRACTS, § 187*—*when construction by parties to be followed.* When parties to an ambiguous contract by their own acts place a construction upon it, such construction is the best evidence of what the contract was supposed to mean.

2. INSURANCE, § 155*—*when evidence insufficient to support verdict.* Evidence in an action to recover unpaid premiums on an insurance policy, examined and *held* insufficient to support the verdict.

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1914. Reversed and judgment here. Opinion filed November 1, 1915.

MOSES, ROSENTHAL & KENNEDY, for plaintiff in error; SIGMUND W. DAVID, of counsel.

J. F. DAMMANN, JR., for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This is a suit for unpaid premiums on an insurance policy and an indorsement, covering the insurance of employees. April 23, 1912, the defendant, defendant in error here, insured itself with the plaintiff corporation, plaintiff in error here, against its common-law liability for accident to its employees. May 1, 1912, defendant further insured itself by an indorsement, which was attached to and made a part of the original policy, which covered only the liability of defendant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to its employees arising by virtue of the Working-men's Compensation Law of 1911 (J. & A. ¶ 5449). The policy and indorsement each provide that the amount of premium is based on an estimated pay roll, and that the premium shall finally be determined by the amount of the actual pay roll during the periods covered by the policy and the indorsement. At the time the policy and indorsement were issued the premiums were tentatively fixed on an estimated pay roll of $40,000. The premium rate per $100 as stated in the original policy was 36 cents. The premium rate as stated in the indorsement per $100 was $1.89. At the end of the year it was found that the actual pay roll during the year was $58,365.60.

Suit was brought by the plaintiff to recover premiums for the amount of the excess of the pay roll over $40,000. It is conceded that plaintiff is entitled to premiums based upon the pay roll of $58,365.60, but the contention of defendant in error is that the premium rate for both the original policy and the indorsement is $1.89, and the contention of plaintiff in error is that the premium rate is 36 cents for the original policy and $1.89 for the indorsement, or a total rate of $2.25 on the pay roll. The court sustained the contention of the defendant and gave judgment for $226.65, and the plaintiff in error asks that such judgment be reversed and judgment entered here in favor of the plaintiff for $436.75, the amount of premiums unpaid, if plaintiff is entitled to recover premiums at the rate of $2.25 on the pay roll.

The indorsement is called "Combination Coverage" and provides that in consideration of the premium for which this policy is issued, this policy is hereby extended to cover the liability of the assured under the Compensation Act of 1911 (J. & A. ¶ 5449), and further provides as follows:

"The premium for this Endorsement is based upon the entire compensation for services, of which an esti-

mate is hereinafter given. The premium rate or rates for this Endorsement· are those hereinafter set forth, and apply to each one Hundred Dollars ($100.00) of the entire compensation for services during the period of this Endorsement. The earned premium for this Endorsement shall be determined in the manner set forth in the policy. * * * Premium rate per $100 of Compensation for services, $1.89.''

The original policy in terms provides that it does not cover any obligation assumed by or imposed upon the insured by any compensation agreement, plan or law.

Defendant introduced in evidence a book called ''Manual of Liability for Workingmen's Compensation Insurance,'' and gave evidence tending to show that ''Combination Coverage'' meant the covering of all employees against the Illinois Act or any common-law liability prior to the Compensation Act.

We see no ground for the contention that the policy and indorsement are ambiguous or uncertain. Their terms state that the rate for one is 36 cents, and for the other one $1.89 per $100 of the pay roll, a total rate of $2.25. But if it be conceded that the policy and indorsement are ambiguous, the parties have already construed the contract, and when parties to an ambiguous contract by their own acts place a construction upon it, that construction is the best evidence of what a contract supposedly ambiguous was actually intended to mean. The plaintiff rendered to defendant a bill for the amount of premium due upon the original policy upon an estimated pay roll of $40,000 at 36 cents per $100, and another bill at the rate of $1.89 on the same estimated pay roll for the indorsement, and defendant without objection paid both bills.

The judgment of the Municipal Court is reversed and judgment will be entered here in favor of the plaintiff and against the defendant for $436.75, and the costs in this court.

*Reversed and judgment here.*